UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN NEAL,                          Civil Action No.: 19-10953
                                        Honorable Sean F. Cox
                  Plaintiff,            Magistrate Judge Elizabeth A. Stafford

v.

ANDREW SAUL,
COMMISSIONER OF
SOCIAL SECURITY,[1]

                  Defendant.

_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 10, 13]

Plaintiff Kathleen Neal appeals a final decision of defendant

Commissioner of Social Security (Commissioner) denying her application

for disability insurance benefits (DIB) under the Social Security Act.  Both

parties have filed summary judgment motions, referred to this Court for a

report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  After

review of the record, the Court finds that the administrative law judge's

(ALJ) decision is supported by substantial evidence, and thus

**RECOMMENDS** that:

---

[1] Under Federal Rule of Civil Procedure 25(d), Saul is the successor
defendant.

- Neal's motion [ECF No. 10] be **DENIED**;

- the Commissioner's motion [ECF No. 13] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Background and Disability Applications

Neal was born on December 22, 1962, making her 53 years old on the date last insured (DLI).  [ECF No. 8, PageID.42].  She has past work as a motor vehicle assembler.  [*Id.*].  Neal alleged disability due to history of seizure disorder, degenerative disc disease of the lumbar spine, bilateral carpel tunnel syndrome, right ulnar neuropathy and degenerative joint disease of the right shoulder with torn rotator cuff.  [*Id.*, PageID.36].

For her original application for DIB, Neal alleged a disability onset date of December 22, 2012.  [ECF No. 8, PageID.82].  After a February 2015 hearing, ALJ Patricia McKay found Neal not disabled in a May 2015 written decision, and the Appeals Council denied review.  [*Id.*, PageID.94-95, 100].  Neal then filed another application for DIB, alleging disability as of May 28, 2015.  [*Id.*, PageID.33].  This claim was also denied and an administrative hearing was held in March 2018. [*Id.*].  ALJ Virginia Herring again found Neal not disabled through her DLI in a written decision issued

2

in August 2018. [*Id.*, PageID.33-43].  The Appeals Council again denied

review, making the ALJ's decision the final decision of the Commissioner.

[*Id.*, PageID.24-26].  Neal timely filed for judicial review of this final

decision.  [ECF No. 1].

### The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful

activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by

analyzing five sequential steps.  First, if the applicant is "doing substantial

gainful activity," he or she will be found not disabled.  20 C.F.R.

§ 404.1520(a)(4).  Second, if the claimant has not had a severe impairment

or a combination of such impairments[2] for a continuous period of at least

12 months, no disability will be found.  *Id.*  Third, if the claimant's severe

impairments meet or equal the criteria of an impairment set forth in the

Commissioner's Listing of Impairments, the claimant will be found disabled.

---

[2] A severe impairment is one that "significantly limits [the claimant's]
physical or mental ability to do basic work activities."  § 1520(c).

3

*Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Neal was not disabled. At the first step, she found that Neal had not engaged in substantial gainful activity from her alleged onset date through her DLI. [ECF No. 8, PageID.36]. At the second step, the ALJ found that Neal had the severe impairments of history of seizure disorder, degenerative disc disease of the lumbar spine, bilateral carpel tunnel syndrome (CTS), status post right release surgery, right cubital tunnel syndrome, status post release surgery, right ulnar neuropathy, status post decompression surgery, and degenerative joint disease of the right shoulder with torn rotator cuff, status post arthroscopy, subacromial decompression and Mumford procedures. [*Id.*]. The ALJ determined that Neal's hypertension,

4

hyperlipidemia, Vitamin D deficiency and depression were non-severe

impairments.  [*Id.*].  Next, the ALJ concluded that none of her impairments,

either alone or in combination, met or medically equaled the severity of a

listed impairment.  [*Id.*, PageID.37].

Between the third and fourth steps, the ALJ found that Neal had the

RFC to perform light work as defined by 20 C.F.R. § 404.1567(b), except:

> she must have the opportunity to alternate between sitting and
> standing while engaged in work performed at a workstation.
> She can occasionally climb ramps and stairs, but can never
> climb ladders, ropes, or scaffolds. She can occasionally
> balance, stoop, kneel, crouch, or crawl. She can never reach
> overhead with the right upper extremity. She can frequently
> handle, grasp, and perform gross manipulations with the
> dominant right upper extremity. She must avoid excessive
> vibration and use of power tools. She can have no exposure to
> workplace hazards such as moving machinery or unprotected
> heights. She requires low stress work such that she is able to
> perform work that is self-paced (e.g., avoid a production-rate
> work environment such as an assembly line or conveyor belt).

[*Id.*, PageID.38].  At the fourth step, the ALJ concluded that Neal could no

longer perform her past relevant work as a motor vehicle assembler.  [*Id.,*

PageID.42].   At the final step, after considering Neal's age, education,

work experience, RFC and the testimony of the VE, the ALJ determined

that there were jobs in significant numbers that she could perform,

including positions as a sorter, an assembler or an inspector.  [*Id.*,

PageID.43].

## II.    ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Neal argues that the ALJ failed to create an accurate RFC and that her evaluation of subjective symptoms was not supported by substantial evidence.  [ECF No. 10, PageID.554]. The Court finds that the ALJ's decision is supported by substantial evidence and recommends that it be affirmed.

**B.**

Neal contends that the ALJ failed to analyze and account for the limitations her degenerative disc disease imposed on her ability to walk and stand.  She cites medical records and testimony about radicular back pain impacting her legs and feet.  [ECF No. 10, PageID.557-558].[3]  But the records cited by Neal do not show a need for greater restrictions than those issued by the ALJ, and thus do not satisfy her burden in challenging the RFC.  S*ee Jordan v. Comm'r of Soc.Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

First, most of the medical records Neal cited relate to examinations and treatment received after her December 31, 2015 DLI.  [ECF No. 8, PageID.41, 380-381, 385-390, 466, 492, 506, 536].  Medical evidence generated after Neal's DLI is relevant only if it relates back to the relevant period.  *Wirth v. Comm'r of Soc.Sec.*, 87 F.App'x 478, 480 (6th Cir. 2003).

---

[3] Although Neal's counsel attempted to comply with the Court's citation requirements, she made the understandable mistake of citing the "Page" number of ECF No. 8, although the Court had ordered the parties to cite the "Tr." number.  [ECF No. 9].  Recently, the Eastern District of Michigan changed its Electronic Filing Policies and Procedures for referencing the record: http://www.mied.uscourts.gov/PDFFIles/policies_procedures.pdf

For future reference, the Court now requires the parties to use the "PageID." number, which is not the same as the "Page" number.  *See id.*, R1(f) & R6.

Some of the records she cites within the relevant period do refer to severe and intractable pain, but they do not support Neal's argument that required greater restrictions. [*Id.*, PageID.395, 401-403]. The cited records show that, in May 2015, her treater recommended "conservative treatment," including aggressive physical therapy and epidural injections. [*Id.*, PageID.403]. If the conservative treatment failed, Neal would be referred to a neurosurgeon for spine surgery. [*Id.*].

Ultimately, surgery was not necessary because the recommended injection was effective. Neal's pain management specialist reported in October 2016, nearly ten months after Neal's DLI, that she had not been seen at the clinic for a year and a half, and that a June 2015 lumbar transforaminal epidural injection had given her significant relief for over a year. [ECF No. 8, PageID.386]. Other records cited by Neal corroborate that she improved after the June 2015 injection. [*Id.*, PageID.469 ("seems to be improving" and negative musculoskeletal exam in October 2015); PageID.487-489 ("reports no muscle weakness, no back pain, and no swelling in the extremities," and negative musculoskeletal examination except tenderness and limited range of motion in October 2015; PageID.466 ("overall doing good," with no muscle weakness, no back pain and no swelling in the extremities in March 2016)].

So although Neal argues that she is unable to stand or walk six hours of an eight-hour workday, a requirement of most light work, the evidence supports the ALJ's finding that the medical records showed limited treatment and change in Neal's impairments between the time of ALJ McKay's decision and her DLI. [*Id.*, PageID.42]. Even still, the ALJ acknowledged Neal's low back pain and the radiculating leg pain, specifically addressing the limitations from that condition and restricting her "to light work, with occasional postural movements, an option to alternate between sitting and standing, occasional climbing of ramps and stairs, and no climbing of ladders, ropes or scaffolds." [ECF No. 8, PageID.40].

Neal also argues that the ALJ did not account for her degenerative disc disease and how the sit/stand option could interfere with her ability to perform light work. This concern is unfounded because the hypothetical the ALJ presented to the VE included the restrictions in the RFC, specifically the ability to alternate between sitting and standing. [ECF No. 8, PageID.73-74]. They were incorporated in the VE's conclusions about available jobs Neal could perform. [*Id.*].

The only evidence Neal provides to support the need for greater standing restrictions is her own testimony and subjective functional reports, which the ALJ is not required to accept. *Mellon v. Comm'r of Soc. Sec.,*

9

14-14374, 2016 WL 908895, at *10 (E.D. Mich. Feb. 9, 2016), *adopted*,

2016 WL 894336 (E.D. Mich. Mar. 9, 2016) (an ALJ is not required to

accept a claimant's subjective complaints and may properly consider the

credibility of a claimant when making a determination of disability).

      Neal also argues that, as a result of her shoulder impairment, she is

unable to lift more than 10 pounds and thus cannot meet the 20-pound

lifting requirement for light work.  The May 2015 RFC limited Neal to

occasional overhead reaching and frequent handling, grasping and gross

movements with the right arm.  [ECF No. 8, PageID.86].  Although the ALJ

noted that Neal had not received treatment for her right shoulder since

June 2014, she gave Neal "the benefit of the doubt" and included a

restriction for no overhead lifting with the right extremity in the 2018 RFC.

[*Id.*, PageID.41].  Again, Neal has provided nothing other than her

testimony and subjective reports to suggest she requires a greater

limitation than that imposed by the RFC.

      The ALJ gave significant weight to the opinion of Keith Camann,

M.D., a state agency medical consultant, which was the only opinion

evidence provided.  [ECF No. 8, PageID.41-42].  In crafting Neal's RFC,

the ALJ relied on Dr. Camann's opinion that she could perform light work

with a sit/stand option and occasional climbing of stairs and ramps, no

climbing of ladders, ropes or scaffolds, and could do occasional postural

movements. [*Id.*].  When, as here, the ALJ relied upon a state agency's

RFC opinion and the plaintiff has provided no medical opinion with contrary

restriction, overturning the ALJ's decision is not warranted.  *Hibbard v.*

*Astrue*, 537 F. Supp. 2d 867, 874 (E.D. Ky. 2008).

Because Neal has submitted no medical opinion supporting her

argument that she needs greater restrictions, Neal is essentially asking the

Court to reweigh the evidence considered by the ALJ.  This is not

permitted.  *Cutlip v. Sec. of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th

Cir. 1994) (noting that, if the Commissioner's decision is supported by

substantial evidence, "it must be affirmed even if the reviewing court would

decide the matter differently, and even if substantial evidence also supports

the opposite conclusion").  Substantial evidence supports the ALJ's

decision here, so it should be affirmed.

**C.**

The Court also finds no reason to disturb the ALJ's evaluation of

Neal's subjective symptoms.  Under Social Security Ruling (SSR) 16-3p,

when determining whether a claimant is disabled, the ALJ *must* consider

not only the claimant's "symptoms, including pain," but also "the extent to

which the symptoms can reasonably be accepted as consistent with the

objective medical and other evidence in the individual's record."  2016 WL
1119029, at *1.  An ALJ's subjective symptom evaluation should not be
disturbed "absent compelling reason."  *Smith v. Halter*, 307 F.3d 377, 379
(6th Cir. 2001). [4]  At the same time, "such determinations must find support
in the record."  *Rogers*, 486 F.3d at 241.

Here, the ALJ found that although Neal's impairments could
reasonably cause the alleged symptoms, her "statements concerning the
intensity, persistence and limiting effects of these symptoms are not
entirely consistent with the medical evidence and other evidence in the
record."  [ECF No. 8, PageID.39].  The ALJ reasoned that Neal's subjective
complaints were at odds with the medical and other objective evidence.
[*Id.*].

As described by the ALJ, Neal stated that she experienced numbness
and tingling down her right arm, that she has back pain, cannot stay on her

---

[4] SSR 16-3p eliminated use of the term "credibility" from official policy and
clarifies that a "subjective symptom evaluation is not an examination of an
individual's character."  *Rhinebolt v. Comm'r of Soc. Sec.*, No. 2:17-CV-
369, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), *adopted*, 2018
WL 494523 (S.D. Ohio Jan. 22, 2018). Despite the linguistic clarification,
courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's
credibility determinations are given great weight.  *See, e.g.*, *Kilburn v.
Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at *7 (S.D.
Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018
WL 4442595, at *6 (S.D. Ohio Sept. 18, 2018).

feet very long and has problems walking on uneven surfaces.  [*Id.*].  She also reported difficulty performing her personal care tasks and household chores like cooking because of her right arm impairments.  [*Id.*]  Neal alleged that she was limited in helping around the house and with yard work.  [*Id.*].  And she testified at hearing that she naps throughout the day because of poor sleep at night, that she can stand for about twenty minutes and she must take several smaller trips to shop because she cannot manage a longer trip to the grocery store.  [*Id.*]

In finding Neal's testimony to be not entirely consistent with the medical evidence, the ALJ first noted that, despite Neal's claims of increasing symptoms, her medical records did not show her impairments worsening from the date of ALJ McKay's decision (May 2015) to her DLI (December 2015).  [ECF No. 8, PageID.39].  The ALJ cited records from an October 2016 visit to Neal's pain management specialist indicating she had not been seen for a year and a half and that she had significant relief of her low back pain for over one year from an epidural injection in June 2015.  [*Id.*, PageID.40, 386].  The ALJ also noted that Neal had not sought treatment for her right shoulder impairment since February 2014.  [*Id.*, PageID.41].  Even so, she accepted Neal's testimony that she continued to

have pain and weakness in that shoulder and restricted her to no overhead reaching with the right upper extremity.  [*Id.*].

And, as previously discussed, the ALJ relied upon the opinion of Dr. Camann that Neal could perform light work, with a sit/stand option, occasional climbing of stairs and ramps, no climbing of ladders, scaffolds or ropes, occasional postural movements, limited reaching and pulling, limited overhead reaching and gross manipulation with the right upper extremity, avoidance of excessive vibrations and all workplace hazards.  [ECF No. 8, PageID.41-42].  Neal does not challenge the weight the ALJ gave to that opinion.

Neal specifically challenges the ALJ's failure to account for the side-effects from her prescribed medications.  She alleges that she experienced drowsiness and constipation from her prescribed medication, citing her own function report.  [ECF No. 8, PageID.242].   But progress notes from June 2015 and October 2016 indicate that she was "not experiencing any adverse effects" from her medications.  [ECF No. 8, PageID.385, 388].

ALJs are required to consider medication side effects, but they need not specifically mention their findings in their decisions.  *French v. Comm'r of Soc. Sec.*, 2016 WL 3951419, at *13 (E.D.Mich. June 30, 2016).  Here, the ALJ did not err in disregarding her allegations of medication side effects

14

because the medical records reflect that she reported no adverse side effects from those medications.  *See Nyhus-Dell v. Comm'r of Soc.Sec.*, 2019 WL 2051895, at *4 (E.D.Mich. Feb. 5, 2019) (citing *Essary v. Comm'r of Soc. Sec.*, 114 F. App'x 662, 665-66 (6th Cir. 2004)).

Neal also argues that the ALJ erred in evaluating her subjective symptoms by relying on certain portions of her physical therapy records but overlooking others.  [ECF No. 10, PageID.561-562].  She contends that the ALJ emphasized her progress in the physical therapy but ignored the fact that she had not met four goals of the therapy at the time of discharge.  [*Id.*]

Neal's protest is unfounded.  The ALJ acknowledged that Neal only partially met her physical therapy goals.  [ECF No. 8, PageID.39].  But she also noted that Neal did meet the therapy goal of reducing her low back pain, that her regimen in May and June 2015 reduced her pain and improved her functionality by 75%, that she responded well to lumbar epidural injections and went 16 months without pain management treatment.  [*Id.*, PageID.40].  The ALJ's decision that Neal's statements about the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence of record prior to her DLI is supported by substantial evidence. Neal has failed to show an error that would require remand of this matter.

## III.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Neal's motion for summary judgment be [ECF No. 10] be **DENIED**; that the Commissioner's motion [ECF No. 13] be **GRANTED**; and that the ALJ's decision be **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 6, 2020

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

17